New Jersey Department of Labor,
Workmen's Compensation Bureau.

MARIA CONCETTA FRANCHINO, PETITIONER, v. MING
TOY DYEING CO., RESPONDENT.

Decided December 11, 1941.

For the petitioner, *Nathan Rabinowitz* and *Charles Gorgas.*

For the respondent, *Walter W. Hubley, Jr.*

This is a death case coming on for determination under the provisions of the New Jersey Workmen's Compensation Act. The petition was filed by Maria Concetta Franchino as the lawful widow of Antonio Franchino to recover compensation arising out of his death by accident while in the employ of respondent. The matter came on for formal hearing at Paterson, the final hearing being had on December 4th, 1941. It was not disputed that decedent, Antonio Franchino, died as a result of an accident arising out of and in the course of his employment with respondent, the issue in the case being confined to whether or not petitioner was a dependent of decedent and entitled to compensation as such.

Petitioner was lawfully married to decedent on August 19th, 1911, in Italy and came to the United States with her husband in 1912 living with him at Rosetta, Pennsylvania, for six years. Subsequently they moved to Easton, Pennsylvania. In February, 1932, while living at Easton, decedent, who was then working as a mill fireman, left his home by automobile, leaving behind most of his personal effects, and

telling petitioner that he intended to look for a better job and that after he secured same, he would return and move with petitioner to the place where he was working. Decedent remained away for about six months, at the end of which time he returned to the Easton home, and upon inquiry from petitioner as to where he had been, cried and said that she was his wife and he was wrong in leaving her and that he would not leave her again. Decedent remained with petitioner for eight days and again deserted her. During the period of decedent's absence, petitioner was employed on a W. P. A. project as a seamstress earning $15 per week.

In August, 1932, petitioner entered a complaint in one of the criminal courts of Easton against deceased for his failure to support her and upon his conviction, was confined to jail there and released on August 23d, 1932.

The last time she saw decedent was about two years prior to his death at which time decedent promised to take petitioner to Paterson where he was then working, but decedent failed to carry out his promise although petitioner was willing to go to Paterson and live with him there. Petitioner received no support from decedent during his absence.

Decedent thereupon returned to live with the petitioner but after about fifteen days, deserted her again, without removing his personal effects, and without informing petitioner of his intentions. After an absence of about three years, he returned to petitioner for about fifteen days during which time both petitioner and decedent applied to the authorities for "relief" and received same, after which he again deserted her and never returned to her thereafter.

During the last mentioned three year period of desertion, petitioner was employed on a W. P. A. project for about ten months but was dismissed from her position because of her being a non-citizen of the United States.

On several occasions, petitioner sought the aid of the American Red Cross and also the aid of the police authorities of Easton, in an effort to locate her husband but without result.

Subsequent to decedent's last desertion, petitioner, who paid a rental for her living quarters in the amount of $10

per month, rented out two rooms, receiving therefrom the sum of $4 per month for each room. For the two year period just prior to decedent's death, petitioner subsisted on such sums that she had saved from her earnings while employed on the W. P. A. as well as some money she earned caring for an infant aged one year, and also received some financial assistance from others.

It was shown by the testimony of one Mrs. Mary La Freddo, that she met decedent in 1932 in Easton, Pennsylvania, and came to Paterson, New Jersey, with him in February 17th, 1932, living with him on River Street in that city for a time. At the time of decedent's death, they were living together at 65 Ellison Street, Paterson, New Jersey. Mrs. La Freddo admitted that she has a husband presently living in Pennsylvania, from whom she is separated, but not divorced. She testified that for about the first year she supported decedent because he was out of work and after decedent secured a job, she says, he turned over his entire earnings to her.

As soon as petitioner learned of her husband's death, she came to Paterson from Easton, arriving there on May 30th, 1940. Upon going to Marocco's Funeral Parlor, where the body of decedent lay, she met above named Mary La Freddo there. Petitioner requested permission to take charge of the funeral and have the body returned to Easton for burial. At first Mrs. La Freddo objected, but upon petitioner's insistence, she finally acquiesced. The body was taken to Easton where petitioner arranged for a burial in accordance with the rites of the church.

While it is true that petitioner was not living with decedent at the time of the accident and his death and was not a part of his household at that time, yet in view of decedent's conduct in returning to petitioner on the several occasions hereinabove mentioned after long periods of absence, it is a fair inference that petitioner always entertained the hope that decedent would again return to her and eventually give up the other woman, Mrs. La Freddo entirely. I am satisfied that petitioner, at no time, acquiesced in her husband's separation from her, and that she was not in the slightest degree

responsible for it. It is conclusively shown that petitioner did not at any time acquiesce in any separation from her husband or assert her independence of him, but on the contrary, opposed it and was always willing to resume marital relations with him. While she received no actual support from her husband while he was absent from her, yet she made several attempts, by the institution of formal legal proceedings and otherwise, to secure such support. While she worked and at times kept roomers, and sought aid and received some aid from the authorities by way of "relief" at times, such action on her part does not militate against her rights under the Compensation Act since she had no alternative. See *Alexander* v. *Cunningham Roofing Co.*, 124 *N. J. L.* 390; 11 *Atl. Rep.* (*2d*) 41; *affirmed,* 125 *N. J. L.* 277; 15 *Atl. Rep.* (*2d*) 612.

I find, therefore, that as a fact, petitioner is totally dependent upon decedent. * * *

It is, therefore, * * * ordered that judgment final be entered in favor of the petitioner, Maria Concetta Franchino, and against the respondent, Ming Toy Dyeing Co. * * *

> JOHN J. STAHL,
> *Deputy Commissioner.*